### CHARLES BISSELL vs. LEONARD S. WHEELOCK.

An action may be maintained here on a judgment recovered in another state, where,
. apparently by the record of the former suit, the court had jurisdiction of the
defendant's person, unless the defendant offers some evidence of a want of such
jurisdiction.

A recital in the original writ that the defendant was an "absent and absconding
debtor," being a form prescribed by law in the other state, in case of trustee
process, whether the defendant was within or without the state, does not show
that the court had not jurisdiction of the defendant's person.

THIS was an action of debt on a judgment of the county court
of the county of Tolland and state of Connecticut. The ma-
terial parts of the record are the following: "By authority of
the state of Connecticut you are hereby commanded to attach
to the value of one hundred and fifty dollars, the goods or
estate of Leonard S. Wheelock of Hartford in said county,
and Daniel J. Eddy, of East Hartford, in said county, late
joint-partners and dealers in company, under the name and
firm of Wheelock and Eddy, and them summon to appear
before the county court to be holden at Tolland, within and
for said Tolland county, on the fourth Tuesday of August,
1849, then and there to answer unto Charles Bissell, of Ver-
non, in said county of Tolland, in a plea that to the plaintiff
the defendants render the sum of eighty dollars, which to the
plaintiff the defendants justly owe. And whereas the said
defendants are absent and absconding debtors, within the true
intent and meaning of the law, and not being liable to im-
prisonment at the suit of the plaintiff, you are also hereby
directed to leave a true and attested copy of this writ, at least
fourteen days before the session of the court to which the
same is returnable, with Shaler W. Eldridge, of Bolton, in
said county of Tolland, or at the place of the usual abode of
the said Shaler W. who is the attorney, agent, factor, trustee,
and debtor of the said defendants, and also the attorney, agent,
factor, trustee, and debtor of the said defendant, Wheelock,
and also of the said defendant, Eddy. And the said Shaler
W. Eldridge is hereby directed to appear before the court to

which this writ is returnable, then and there to answer and disclose, on oath, whether he has in his hands the goods or effects of the said defendants, or is indebted to them or either of them." The return on said writ, so far as material, was: " Then, by virtue hereof, I attached all the goods, moneys, and effects of the within-named defendants in the hands of Shaler W. Eldridge, described herein as the agent, factor, trustee, attorney, and debtor of the said defendants, by leaving at his usual place of abode a true and attested copy of this writ, more than fourteen days before the day of the court to which this is returnable, and on the 28th day of May, 1849, I left a true and attested copy of this writ, with my doings indorsed thereon with Daniel F. Eddy, one of the defendants, and I also left a like copy with my doings indorsed thereon at the house or last usual place of abode of the said within-named Wheelock. E. P." In that action both defendants were defaulted for their non-appearance, at the first term, and in the judgment, as recorded, and in the execution which issued upon it, the defendant, Wheelock, was described as of East Hartford.

If the court are of the opinion that the action can be maintained upon the said judgment, the defendant is to be defaulted; otherwise the plaintiff to become nonsuit.

*R. Newton,* for the defendant. The defendant will contend that this action, being for the recovery of the amount of a judgment rendered in the state of Connecticut against the defendant and another person, and it being alleged in the writ on which said judgment was rendered, that the defendants were absent and absconding debtors, and it not appearing that any personal service was made on said Wheelock, nor where any summons was left for his appearance in said action, nor that he had any notice of said suit, nor that he ever appeared in said case, this action cannot be maintained against him. *Aldrich* v. *Kinney,* 4 Conn. 380; *Bissell* v. *Briggs,* 9 Mass. 462; *Gleason* v. *Dodd,* 4 Met. 333; *Watson* v. *New England Bank,* 4 Met. 343; *Ewer* v. *Coffin,* 1 Cush. 23; *Starbuck* v. *Murray,* 5 Wend. 148; *Holbrook* v. *Murray,* 5 Wend. 161; *Bradshaw* v. *Heath,* 13 Wend. 407. The plaintiff cannot allege any thing in this case which shall tend to contradict the alle-

gations contained in the writ on which this judgment was rendered.

*D. Foster,* for the plaintiff.

MERRICK, J.   This is an action of debt upon a judgment of a county court in the state of Connecticut.   The only ground of defence which has been suggested, or which it has been supposed could be deduced from the statement of facts agreed to by the parties, is, a want of jurisdiction in the court by which that judgment was rendered.   The defendant, at the argument, denies that he had notice of the proceedings against him, or that he was a citizen of the state of Connecticut, or subject to the jurisdiction of its courts.   It is perfectly well settled that this is a competent, and when proved, a sufficient defence.   *Gleason* v. *Dodd,* 4 Met. 333 ; *Ewer* v. *Coffin,* 1 Cush. 23.   But it is a fact to be established by the party who asserts it; the burden of proof is upon him, because the presumption, in the absence of evidence, is in favor of the authority and jurisdiction of the court.

On looking into the statement of facts, nothing is found there to sustain the defence, or the allegations or objections of the defendant.   He produces no evidence.   He relies entirely on the record ; and certainly the want of jurisdiction is not apparent from that.   It was conceded, and very properly conceded at the argument, that the recital in the writ, that the defendants were " absent and absconding debtors," had no tendency to show that they were not then inhabitants of and resident within the state, because those words are mere words of form, applicable in conformity to their use in the public statutes of the state of Connecticut; Rev. Sts. of Conn. Title, 37 ; *St.* 1830, *c.* 32 ; *St.* 1842 ; and according to the construction given to them by its courts, equally and alike to persons who are found within, or persons who have departed from it.

The only other intimation made by the counsel for the defendant, referred to the difference in the description of the defendant as given in the writ and in the execution which issued upon the judgment.   In the former he is described as an inhabitant of Hartford, and in the latter of East Hartford.

Both places are within the state. He may have removed during the pendency of the suit from the one town to the other, and he was just as much subject to the jurisdiction of the court in the last as in the first. The difference of description does not, therefore, aid the defence or touch the question at issue.

No defence being shown, according to the agreement of parties, the entry must be               *Defendant defaulted.*